(No. 5201—

VERNON GAN and CLETA GAN, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 9, 1967.*

CHAPMAN and STRAWN, Attorneys for Claimants.

WILLIAM G. CLARK, Attorney General; LEE D. MARTIN, Assistant Attorney General, for Respondent.

PEZMAN, J.

This is an action brought by Vernon Gan and Cleta Gan, owners of certain property known as 1026-B Roberts, located in Sunny Dell Acres, a subdivision of Madison County, Illinois. The one story ranch type home with basement and attached garage was built by claimants on the premises in question, and occupied by them on June 28, 1962. At that time the property was a corner lot, and fronted on Roberts Avenue. It was bounded on the north by Roseann Terrace. There was a ditch approximately 18 x 20 inches deep running along both sides of Roseann Terrace, and these ditches sufficiently carried away drainage and rain water until the time they were removed by the State of Illinois, Division of Highways, in the construction of FAI No. 270. The right-of-way for FAI No. 270 was procured in 1959, and was adjacent to and just north of the property subsequently purchased by claimants. The right-of-way deed contained the usual release from liability and damages to remaining property caused by the use, construction or opening up of the highway.

Respondent in the summer of 1963, while constructing FAI No. 270, caused the street known as Roseann Terrace to be plowed up and eliminated, along with the ditches on either side of said street. The area where the street and ditches had formerly been was

left on a grade approximately even with that of claimants' property. Subsequently after the construction of Interstate No. 270, claimants' property was approximately 22 feet 9 inches below the grade of the highway. In August of 1963, the backyard of claimants' property was flooded to a depth of approximately 3 feet with the water coming up to within a few inches of the house, and remaining there for some 15 days. The testimony indicated that the water ran off of the highway right-of-way, and accumulated on claimants' property where it had no way to run off because of the failure of the Division of Highways to provide drainage for the same.

Claimants contend in two counts, as follows: Count I. That, because of the construction of the highway, known as FAI No. 270, they suffered a depreciation of the value of their property in the sum of $9,000.00; Count II. That, because of the construction of said highway, the personal and property rights of claimants were violated, as follows:

"The light and air coming naturally to their property was obstructed because the highway was constructed about twenty feet higher in elevation.

"When it rains, the water from said highway now drains onto plaintiffs' land, and causes the same to be flooded and washed away from time to time.

"That plaintiffs' property now becomes flooded in times of heavy rain because the drainage ditch, which formerly served the property, was removed by the defendant, and no adequate replacement was installed."

Respondent contends that claimants failed to sustain the burden of proving any negligence on the part of respondent, and further argues that claimants' expenditures to correct the condition that existed could not be allowed because receipted bills were not introduced in evidence as being paid or correct.

The only testimony produced on behalf of claimants was the testimony of Vernon Gan, one of the claimants. No other witnesses were produced for respondent, and the entire matter is before this Court on the sole and only testimony of one of the claimants.

This Court holds against the claimants on Count I denying the right of said individuals to seek redress in this Court for depreciation of value of their property because of the construction of a highway pursuant to a right-of-way grant previously given by the predecessors in title of the claimants. The Court holds that the release contained in respondent's exhibit No. 1 (right-of-way grant) would effectively bar any right of the claimants to compensation for depreciation of value as the result of the construction of the highway. Claimants, as purchasers of said property in 1962, purchased subject to said right-of-way grant, and, therefore, had full and complete knowledge when they were building their home that the State was contemplating the construction of a highway adjacent to their property. If the claimants were not aware of the existence of this grant, then they are charged by this Court with the duty to have been aware of the granting of the right-of-way for the instrument of conveyance to the State of Illinois was dated the 18th day of September, 1959, and also was of record in book No. 1972 at page 587 in the office of the Recorder of Deeds of Madison County, Illinois.

Claimants seek just compensation for the flooding of their property as caused by the negligence of respondent in the construction of the highway. Vernon Gan testified that it was necessary after the flooding to haul 105 loads of dirt, and have the same spread upon his yard in order to have the level of the yard high enough

to avoid future floodings. He also testified that he paid $35.00 for spreading the dirt, and $5.00 per load for bringing the dirt to his property, as well as the sum of $50.00 for cleaning out his septic tank as a result of damages caused by the flooding waters.

The evidence in this matter indicates that Vernon Gan spent five days of his own labor in endeavoring to correct the level of his yard. Respondent made no objections to the testimony of claimant as to those expenses incurred, and the labor performed at the time of the hearing.

This Court holds that claimants are entitled to just compensation for consequential damages actually sustained subsequent to the taking of the property under the Eminent Domain Act, and after the construction of the highway. (*Tenboer* vs. *State of Illinois*, 21 C.C.R. 359.)

Claimants are, therefore, awarded the sum of $660.00.